UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIE FRANK BLOUNT,

    Petitioner,

v.                                                                  Case No: 6:25-cv-1383-JSS-DCI

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

In June 2025, Petitioner, a pretrial detainee at the Orange County Jail, filed a pro se petition for writ of habeas corpus.[1] (Dkt. 1.) Because Petitioner is a pretrial detainee, the court construes his petition as filed under 28 U.S.C. § 2241. *See Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003) (explaining that a pretrial detainee must file a petition for writ of habeas corpus under section 2241 because a pretrial detainee is not in custody pursuant to a state court judgment). Petitioner has not sought leave to proceed in forma pauperis or paid the filing fee. Upon consideration, for the reasons outlined below, the court dismisses the petition without prejudice.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the court to dismiss a habeas petition "[i]f it plainly appears from the

---

[1] The petition is not on the form required to initiate a habeas action in this court. *See* M.D. Fla. R. 6.04(a)(1)–(2) ("A pro se person in custody must use the standard form—available without charge from the clerk and on the court's website—to file . . . an application under 28 U.S.C. § 2241 . . . [or] 28 U.S.C. § 2254 . . . ."). In any future cases in this court, Petitioner shall fully comply with all applicable Local Rules.

petition and any attached exhibits that the petitioner is not entitled to relief."[2] Although section 2241 provides the court with jurisdiction to "consider pre[]trial habeas corpus petitions," the court "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (collecting cases). "[F]ederal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 226 (internal quotation marks omitted) (quoting *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973)). Likewise, absent a showing of special circumstances, such as the threat of immediate and irreparable injury, federal courts should not stay or enjoin pending state court proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971).

As Petitioner indicates, (*see* Dkt. 1 at 1), he is charged with felony possession of cocaine in the Ninth Judicial Circuit Court for Orange County, Florida, in case numbers 2024-CF-015139-A-O and 2025-CF-002385-A-O.[3] According to Petitioner,

---

[2] Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 may be applied to cases brought pursuant to 28 U.S.C. § 2241. "Therefore, summary dismissal of a habeas corpus action brought pursuant to 28 U.S.C. § 2241 is appropriate when the petition 'plainly reveals that relief is not warranted.'" *Trimble v. Allen*, No. 7:11-CV-7 (HL), 2011 WL 672335, at *1 n.2, 2011 U.S. Dist. LEXIS 16362, at *1 n.2 (M.D. Ga. Feb. 17, 2011) (quoting *Ugwu v. Holder*, No. 1:10-CV-03152-WSD-SSC, 2010 WL 5476712, at *1, 2010 U.S. Dist. LEXIS 137438, at *1 (N.D. Ga. Nov. 29, 2010)).

[3] The court takes judicial notice of information obtained on August 6, 2025, from the Orange County Clerk of Court's website, https://myeclerk.myorangeclerk.com, regarding Petitioner's state criminal cases. *See* Fed. R. Evid. 201; *United States ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 n.4 (11th Cir. 2015) ("Courts may take judicial notice of publicly filed documents, such as those in state court

his detention is unlawful because he has not had an "immediate preliminary hearing" as required by "Florida Rule of Criminal Procedure 5.1"[4] and 18 U.S.C. § 3060(d), and no indictment has been returned against him. (Dkt. 1 at 1–2.) He also asserts that he wants a speedy trial and does not agree to any further continuances. (*Id.* at 2.)

To the extent that Petitioner seeks to challenge his detention and requests that the court release him, the issues he raises in his petition can be resolved through state procedures. Petitioner has not demonstrated special circumstances warranting this court's intrusion into the pending state court proceedings. *See Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (recognizing that federal courts should not interfere with pending state criminal proceedings absent one of the following circumstances: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised"). Further, given the circumstances of Petitioner's state criminal cases, abstention is appropriate.

Accordingly:

1. The petition (Dkt. 1) is **DISMISSED without prejudice**.

---

litigation . . . ."). With respect to case number 2024-CF-015139-A-O, the court granted Petitioner's motion to continue and accepted his speedy trial waiver on August 5, 2025, and trial is scheduled for September 2, 2025. With respect to case number 2025-CF-002385-A-O, a notice of no prosecution was filed on July 16, 2025. Additionally, Petitioner is charged with felony possession of cocaine in case number 2024-CF-016501-A-O. With respect to that case, the court granted Petitioner's motion to continue and accepted his speedy trial waiver on August 5, 2025, and trial is scheduled for September 23, 2025.

[4] Such a rule does not exist. Petitioner seemingly conflates Federal Rule of Criminal Procedure 5.1 and the Florida Rules of Criminal Procedure.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and to close this case.

**ORDERED** in Orlando, Florida, on August 6, 2025.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties